# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

ANTHONY D. LAMAR  
ADC #120479                                                                              PLAINTIFF

V.                                    No. 2:11CV00059 SWW-BD

LARRY MAY, *et al.*                                                                  DEFENDANTS

## RECOMMENDED DISPOSITION

**I.      Procedures for Filing Objections:**

The following Recommended Disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. A copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Mail your objections and/or "statement of necessity" to:

> Clerk, United States District Court  
> Eastern District of Arkansas  
> 600 West Capitol Avenue, Suite A149  
> Little Rock, AR 72201-3325

**II.     Introduction:**

Plaintiff Anthony Lamar, an Arkansas Department of Correction ("ADC") inmate, brings this action *pro se* under 42 U.S.C. § 1983. (Docket entry #2) Mr. Lamar alleges that in April 2009, his personal property was taken from him in violation of his constitutional rights. Although some of his property was later returned, Mr. Lamar claims that other property was either lost or misplaced, and that the value of that property was over $300.00. Mr. Lamar previously raised this claim before the Arkansas Claims Commission ("Claims Commission"). The Claims Commission dismissed Mr. Lamar's claim. Because he has failed to state a claim for relief under 42 U.S.C. § 1983, Mr. Lamar's claims should be dismissed.

**III.    Discussion:**

Federal courts are required to screen prisoner complaints seeking relief against a government entity, officer, or employee and to dismiss any part of a complaint that raises claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money from a defendant who is immune from paying damages. 28 U.S.C § 1915A(b).

In *Hudson v. Palmer*, 468 U.S. 517, 529-30, 104 S.Ct. 3194 (1984), the United States Supreme Court held that there is no due process violation when a state actor deprives a person of personal property, so long as there is an adequate state-law, post-deprivation remedy available. The State of Arkansas provides such a remedy

through its Claims Commission. See ARK. CODE ANN. § 19-10-204(a) (vesting the Claims Commission with "exclusive jurisdiction over all claims against the State of Arkansas and its several agencies, departments and institutions.")

Consistent with *Hudson*, the Eighth Circuit also has held that a prisoner cannot bring a § 1983 due process claim for the intentional or negligent loss of personal property, so long as the state provides some sort of remedy. See *Skinner v. Missouri*, Case No. 06-1512, 2007 WL 315364 (8th Cir. Feb. 5, 2007) (unpublished opinion) (holding that a Missouri prisoner did not state a § 1983 due process claim regarding the confiscation of money from his inmate trust account because he had an adequate state remedy), and *Williams v. Campbell*, Case No. 00-3699, 2001 WL 1549545 (8th Cir. Dec. 6, 2001) (unpublished opinion) (holding that the defendants' failure to return the property seized from a prisoner did not violate the due process clause because the prisoner could file a claim before the Arkansas Claims Commission).

Here, Mr. Lamar has already filed a claim for his lost property before the Claims Commission. He might not be pleased with the outcome of that proceeding, but there is no reason to believe that the Claims Commission's dismissal of the claim indicates that Arkansas's remedy is inadequate. Mr. Lamar is attempting to re-litigate issues properly and previously raised before the Claims Commission, and this is not permissible. *Price v. Harris*, 722 F.2d 427, 428 (8th Cir. 1983) (per curiam) (holding dismissal of section 1983 action was proper because inmate was merely trying to re-litigate value of missing

property as determined by Arkansas Claims Commission). For that reason, Mr. Lamar's claims should be dismissed with prejudice.

### IV.     Conclusion:

The Court recommends that Mr. Lamar's claims be DISMISSED with prejudice. The Court also recommends that the Court certify that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g) and that an *in forma pauperis* appeal would be frivolous and not taken in good faith.

DATED this 5th day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE